IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BARBARA EDEN<br>298 NE Wavecrest Court<br>Boca Raton, Florida 33432 | : <br> <br>: | |
| Plaintiff, | : | |
| v. | : | Case No.: |
| SMITHSONIAN INSTITUTION<br>Serve on:<br>Office of General Counsel<br>Judith Leonard, General Counsel<br>1000 Jefferson Drive SW #302<br>Washington, DC 20560-0012 | :<br><br>:<br><br>: | |
| and | : | |
| THE UNITED STATES OF AMERICA<br>Serve on:<br>The Honorable Eric Holder<br>US Attorney General<br>Main Justice Building, Room B-103<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 | :<br><br>:<br><br>: | |
| | : | |
| Defendants. | | |

**COMPLAINT**
**(Personal Injury)**

COMES NOW the Plaintiff Barbara Eden, by and through her attorneys, John C. Lynch and Macleay, Lynch & Lapidus, P.C., and files her complaint against Defendants Smithsonian Institution ("Smithsonian") and the United States of America ("United States") (collectively, the "Defendants"), and states as follows:

1. Plaintiff is a natural person and a resident of Boca Raton, Florida.

1

2. Defendant Smithsonian is an agency of the federal government of the United States of America.

3. As Defendants are the United States and an agency thereof, this Honorable Court has jurisdiction of this case by virtue of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

4. Venue is proper pursuant to 28 U.S.C. §1391(e)(1)(B), as the events giving rise to this suit occurred in the District of Columbia, as further detailed below.

5. At all times material to the acts of negligence hereinafter described, Defendants were a governmental agency/subdivision. Said Defendants, through their employees, agents, and/or apparent agents, operated the National Zoological Park ("National Zoo"), which is located at 3001 Connecticut Ave. NW, Washington, DC.

6. At all times material to the subject occurrence, the National Zoo was under the control of the Defendants.

7. On or about April 3, 2011, Plaintiff was injured when she fell as a result of an unrepaired pothole on the circular path around the lion exhibit at the National Zoo.

8. On or about September 27, 2011, Plaintiff submitted a Department of Justice Standard Form 95 Claim for Damage, Injury, or Death to the Smithsonian. A copy of the said notice is attached hereto as Exhibit A. Plaintiff has complied with notice requirements and conditions as to the Defendants.

9. On or about May 1, 2012, the Defendants mailed a denial of the said claim.

10. At all times material and pertinent hereto, and at all times relative to the facts alleged herein, the Defendants did act, or alternatively failed to act, negligently, by

and through the negligent or wrongful acts or omissions, of their employees, agents, or servants, while within the scope and course of the office or employment of said employees, agents, or servants of said Defendants.

11. On or about April 3, 2011 at around 1:00 pm, Plaintiff was traversing the circular path around the lion exhibit at the National Zoo when she tripped and fell over a pothole, resulting in significant injuries to her head, face, ribs and breast, as well as damage to her wrist and ankle.

12. The pothole was located at the far end of the lion exhibit, near the viewing stand. The pothole was situated in an area of considerable pedestrian traffic, and yet there were no markings or warnings of any kind to notify passers-by of the potential for danger and injury.

13. On or about April 3, 2011, Plaintiff was a lawful invitee of the Defendants at the National Zoo.

14. At that time and place, Defendants possessed legal duties to exercise reasonable care to make the premises reasonably safe for pedestrian traffic, to perform inspections to detect or learn about any dangerous condition, and to warn patrons present on the premises, including Plaintiff, of the presence of any unreasonably dangerous conditions located on the premises of which Defendants possessed equal or superior knowledge.

15. The unreasonably dangerous condition of the premises was known or should have been known to the Defendants.

16. The unreasonably dangerous condition of the premises was created by and/or known or should have been known by the Defendants for a sufficient length of

time such that the Defendants should have corrected it.

17. On or about April 3, 2011, Defendants negligently breached their aforementioned duties that it owed to Plaintiff by:

> (a) Creating an unreasonably dangerous condition in the premises by failing to monitor the floor of the subject premises that was either owned, controlled, or maintained by Defendants;
>
> (b) Failing to install warning signs or other devices reasonably calculated to warn Plaintiff and other patrons of the unreasonably dangerous condition present in the premises;
>
> (c) Failing to remedy or repair the dangerous condition prior to Plaintiff's fall;
>
> (d) Failing to post warning signs;
>
> (e) Failing to provide any verbal warning to Plaintiff and other patrons as to the dangerous condition on the premises presented by the pothole; and
>
> (f) Failing to repair the pothole prior to Plaintiff's fall.

18. As a direct and proximate result of the Defendants' negligence with respect to the above described incident, Plaintiff sustained significant injuries and will continue to suffer physical and mental injury, pain and suffering, and other non-economic losses. In addition, the Plaintiff has incurred and will continue to incur medical expenses and other economic losses.

Wherefore, the plaintiff seeks judgment against the defendant in the amount of fifty thousand dollars ($50,000), plus interest and costs.

**JURY DEMAND**

Plaintiff seeks a trial by jury on all issues.

RESPECTFULLY SUBMITTED,

**MACLEAY, LYNCH & LAPIDUS, P.C.**

/s/ John C. Lynch

John C. Lynch # 293639
1629 K Street, N.W.
Suite 802
Washington, DC 20006
(202) 785-0123
(202) 393-3390 (fax)
johnlynch@macleaylynch.com